## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| ESTATE OF STEPHEN PAUL BOOHER; | ) | |
| GLADYS F. BOOHER, Administrator, | ) | |
| AND GLADYS F. BOOHER, Individually, | ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | **PETITION** |
| | ) | **and** |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| STUART R. GLEN, | ) | |
| Defendant. | ) | |

**COMES NOW** Gladys F. Booher ("**Gladys**") in her capacity as Administrator in the above-captioned case and individually, and for her petition naming Stuart R. Glen ("**Glen**") as Defendant, states:

## <u>PARTIES</u>

1. Plaintiff Gladys is an individual who resides in Sioux Falls, South Dakota.  She brings this suit on behalf of the Estate of Stephen Paul Booher ("**Steve**" or "**Estate**") and in her individual capacity.

2. Gladys and Steve were married on December 21, 1968, and continued in that martial relationship until Steve's death on June 11, 2016, or some forty-seven (47) years.

3. Plaintiff Gladys and Steve have two adult children, Douglas Booher ("**Doug**") and Michele Booher ("**Michele**") who were 42 and 45 years old, respectively, at the time of their father's death.  Both Doug and Michele are married.

EXHIBIT A

4.  Defendant Glen is an individual whose current residence is 5072 Thompson Drive, The Colony, Texas 75056.  He was employed at all material times herein by Adventure Lands of America, Inc. ("**Adventureland**" or the '**Park**"), an Iowa corporation located in Altoona, Polk County, Iowa while residing in this state.

5.  On June 7, 2016 while so employed by Adventureland, Glen was performing services as a ride operator on the "Raging River" ride ("**Ride**" or "**Raging River**").  On that same day, Steve, a co-employee of Glen was injured at Adventureland and later died.

6.  The decedent, Steve, was hired as a seasonal employee of Adventureland starting May 7, 2016, with his first day of work being only a few days prior to his injury and later death.

7.  At the time Steve was injured while working at Adventureland he was serving as a loading assistant on the Raging River ride.

8.  He and his wife Gladys were residing in their RV (recreational vehicle) parked at the Adventureland Campground in Altoona, Polk County, Iowa, at all material times herein.

## NATURE OF SUIT

9.  This is an action for damages instituted by the Estate of Stephen Paul Booher, with Steve's wife, Gladys, being authorized in the estate proceeding, as Administrator, to initiate this action on behalf of the estate.  That estate proceeding is indentified in Polk County, Iowa District Court as Probate No. ESPR071161.  Gladys also brings this suit in her individual capacity.

10. This proceeding is furthermore brought on behalf of the estate for the wrongful death of Steve seeking recovery of all loss and damage for those persons or that entity so entitled, occasioned by Steve's death.

11. Gladys is pursuing her pre-death lost consortium claim associated with her husband Steve's death, in her individual capacity.

## **VENUE**

12. Venue is proper here as the estate and Gladys, individually, are making their wrongful death claims arising out of circumstances and events which occurred in this county.

13. The Plaintiff estate has a property interest capable of protection and assertion in Polk County, Iowa.

## **FACTS**

14. The afternoon of June 7, 2016 Defendant Glen was the ride operator of the Raging River at Adventureland, while decedent, Stephen Paul Booher and Gary Reed ("**Reed**") served as two loading assistants helping Park patrons on and off that Ride.

15. Defendant Glen, prior to the events resulting in the death of Steve, had been trained and instructed by the Park to do all of the following as a ride operator of the Raging River ride:

    a.  Visually check the ride before starting the ride;
    b.  Watch the ride during the entire operation;
    c.  Always be on guard;
    d.  Keep your eyes on the ride while the ride is operating;
    e.  Know your role in handling an accident; be prepared to act professionally;
    f.  Consider all injuries as serious;
    g.  Stop the ride if an accident occurs while the ride is in motion;
    h.  Once the area is clear and boats are ready to dispatch say "clear" over the PA system and wait for the thumbs-up signal from both loading assistants;

     i. Once you have both thumbs-up then press the "start" button for conveyor 6 to launch boat into water.  Note:  The "clear" signal lets both the guests and the assistants know that the boats are about to move.  Check to make sure that all guests are seated in next boat and press the "start" button for "conveyor 5" to advance boat "conveyor 6".  Check to make sure that all guests are loaded and seated and that the assistants are not standing on boat, then press the "start" button for "conveyor 4" to advance boat to "conveyor 5".  Check to make sure that all guests are seated in the next boat and press the "start" button for "conveyor 3" to advance boat to "conveyor 4".  Check to make sure that all guests are seated in the boats on "conveyor "2" and press the "start" button for "conveyor 2" to advance boats.  Repeat process.

     j. The "Auxiliary Emergency Stop" button will shut off all conveyors.  The "Emergency Stop" button will shut off all conveyors.

     k. In case of emergencies, press the "Auxiliary Emergency Stop" and the "Emergency Stop" and call the operator immediately.

16. In addition, the ride operator's control board has the following language prominently displayed on its face: "Operators:  You must have thumbs up from the assistants before moving any boats."

17. Despite the foregoing training and admonitions, Glen failed to act to avoid injury and death to Steve and resulting loss to his estate and family.

## DEFENDANT GLEN'S GROSS NEGLIGENCE

18. On June 7, 2016, the date of the incident which caused the Plaintiff Estate's and Gladys' individual injuries, Defendant Glen was acting in the course and scope of his employment at Adventureland as was Steve, his co-employee.

19. Furthermore, at the time of the incident which is the subject of this suit, Defendant Glen acted in a grossly negligent manner towards Steve, as follows:

     a. He failed to visually check the Raging River ride before starting it;

     b. He failed to watch the ride during its entire operation;

     c. He failed to be on guard;

4

    d.  He failed to know his role in handling the incident involving Steve;

    e.  He failed to stop the ride once he became aware of the incident involving Steve and Reed, the loading assistants, which had knocked them both off their feet due to his reckless, unexpected, wanton and premature ride start;

    f.  He failed to assure himself that ride loading assistants were not standing on any boat, pre-start;

    g.  He started the ride without first obtaining the required thumbs-up signal from Steve and Reed;

    h.  He failed to follow the instructions prominently displayed on the ride control board located directly in front of him which warned him to first obtain a thumbs-up from loading assistant before moving any boats;

    i.  He left the operator's station within clear visual range of the fallen loading assistants, without shutting down the ride;

    j.  He failed to engage the oversized, red "E-Stop Aux." knob located immediately in front of him, after he was aware both loading assistants were down and the ride was still running;

    k.  He failed to key the ride to the "off" position after becoming aware that the loading assistants had been jerked off their feet due to his premature start of the ride, allowing the ride to continue operating;

    l.  From his operator's platform above and in close proximity to the ride and the loading assistants, he could easily observe that Steve had been knocked down onto the moving ride belts and was being pulled by continuous belt action into the confluence of a ride boat and the abutting Raging River concrete sidewall where Steve's head and body were brought into continuous and repeated contact with that sidewall, yet failed to stop the ride and instead, left his station;

    m.  Defendant Glen only returned to his operator's station and stopped the ride after several ride patrons, waiting to board, repeatedly yelled at him to "stop the ride";

    n.  Glen admitted that he caused the assistants to topple onto the exposed ride conveyor belts; and,

    o.  Glen failed to consider Steve's injury, once he was knocked down onto the ride conveyor belts, as serious, and treat it accordingly.

20. Steve was taken by ambulance to Mercy Medical Center (Main) ("**Mercy**") in Des Moines, Iowa where he was admitted on June 7, 2016 at 5:52 p.m.

21. Steve remained at Mercy until his death on June 11, 2016 at approximately 4:53 p.m.

22. Steve's immediate cause of death was determined on June 15, 2016, by Dr. Gregory A. Schmunk, the Polk County Iowa Chief Medical Examiner, as craniocerebral trauma (i.e., trauma to the skull and brain).  A State of Iowa "Certificate of Death" was issued evidencing Dr. Schmunk's cause of death determination.

23. Defendant Glen's conduct constitutes a reckless and wanton disregard for the rights of Steve, as a co-employee, and/or was the result of conscious indifference to the rights, welfare and safety of Steve, a fellow employee.  Accordingly, Defendant Glen was grossly negligent.

24. Defendant Glenn's gross negligence was a proximate cause of the death of Steve and the Plaintiff Estate's and Gladys' individual damages.

25. Defendant Glen's gross negligence constituted a willful and wanton disregard of the rights, welfare and safety of Steve, causing actual damage to him, his wife, Gladys, and his estate.  The Plaintiff Estate and Gladys, individually, are therefore entitled to recover punitive damages from Defendant Glen.

## DAMAGES TO DECEDENT/ESTATE

26.  As a direct and proximate result of Defendant Glen's gross negligence, Steve suffered traumatic injury to his head, and additional injuries to his arms, hand, chest and leg.  He later died.  Craniocerebral trauma was determined as the immediate cause of his death.

27. That damage and injury was a proximate result of being jerked off his feet and landing on the ride conveyor belts and then becoming wedged between a boat ride and the Raging River's abutting concrete sidewall by continuous action of the ride conveyor belts, which were left on and operational after Steve was knocked down onto the operating ride belts.  All of those actions and/or failures to act were caused by Defendant Glen, as previously alleged.

28. As a proximate result of the grossly negligent actions and omissions of Defendant Glen, evidencing extremely careless, reckless, wanton and willful disregard for Steve's rights and safety as described herein, Steve died at Mercy on June 11, 2016.

29. Defendant Glen is liable to the Plaintiff Estate and Gladys, individually, for the following injury, damage and loss:

   a. Steve's loss of future earning capacity;
   b. Steve's physical and mental pain and suffering;
   c. Steve's wife Gladys' loss of spousal consortium both before and after Steve died;
   d. Steve's children, Doug and Michele's loss of parental consortium as a result of the loss of their father;
   e. Interest on Steve's reasonable burial expense; and,
   f. Punitive damages.

30. The compensatory and punitive damages sought by the Plaintiff Estate and Gladys, individually,  are in excess of the jurisdictional minimums of this court.

WHEREFORE, the Plaintiff Estate and Plaintiff Gladys, individually, pray for judgment against the Defendant Glen for injury and loss to them as outlined herein, including recovery of both compensatory and punitive damages in amounts as may be found proper and just under the facts and circumstances of this case as determined by the jury. The Plaintiff Estate  and Gladys, individually, further pray for interest and costs as allowed by Iowa law; and for such other and further relief to which they are entitled.

## JURY DEMAND

The Plaintiff Estate and Gladys, individually, hereby request trial by jury of all facts so triable herein.

Dated: March 10, 2017

**WASKER, DORR, WIMMER & MARCOUILLER, P.C.**

/s/ Fred L. Dorr
Fred L. Dorr                              AT0002105
fdorr@wdwm.net
4201 Westown Parkway, Suite 250
West Des Moines, Iowa   50266-6720
Phone:  (515) 283-1801   Fax:  (515) 283-1802

**GALLIGAN & REID, P.C.**

/s/ Brian P. Galligan
Brian P. Galligan                         AT0002632
bgalligan@galliganlaw.com
300 Walnut Street, Suite 5
Des Moines, IA 50309
Phone:  (515) 282-3333   Fax:  (515) 282-0318

**TRIAL LAWYERS FOR JUSTICE**

/s/ Nick C. Rowley
Nick C. Rowley                    AT0009516
nick@tl4j.com
421 W. Water Street
Decorah, Iowa  52101
Phone:  (888) 811-0844   Fax:  (888) 801-3616

**ATTORNEYS FOR PLAINTIFF ESTATE OF
STEPHEN PAUL BOOHER; GLADYS F. BOOHER,
ADMINISTRATOR; AND GLADYS F. BOOHER,
INDIVIDUALLY**